IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| O'RANE CORNISH SR. | § | |
| v. | § | CIVIL ACTION NO. 5:04cv234 |
| WARDEN, FCI-TEXARKANA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff O'Rane Cornish Sr., proceeding *pro se*, filed this lawsuit seeking declaratory and injunctive relief. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cornish states that he is representing himself in his appellate case, which is now pending before the Sixth Circuit Court of Appeals. That Court set out a briefing schedule on August 18, 2004, giving Cornish a deadline of September 27, 2004. According to Cornish, he notified the unit staff at Texarkana and asked to be excused from institutional assignments so that he could work on his brief, but indicates that these requests were denied. Cornish further says that after his 2001 trial, boxes of documents which he needed were discovered at the home of his deceased counsel. These boxes were shipped to him at Texarkana, but the prison staff refused to accept them and returned them in October of 2001.

In May of 2003, Cornish was transferred to the Desoto County Detention Center in Mississippi. There, he was given access to his legal materials, as well as unlimited time to work on his case, and so he was able to file his motion for new trial in a timely manner. At the same time, Cornish says that he was fighting a case in the State of Mississippi, which he won on March 1, 2004.

1

On March 10, 2004, Cornish was returned to the federal prison in Texarkana, and was not allowed to take his documents with him. On July 1, 2004, his motion for new trial was denied by the federal district court. Cornish then appealed to the Sixth Circuit Court of Appeals.

Cornish states that he has sought excusals from work assignments in order to work on his case. Some of these requests have been ostensibly granted, but he maintains that the unit staff has repeatedly hindered him from performing his legal work. He acknowledges that the Sixth Circuit has granted him extensions of time, but says that the patience of that Court has been "taxed to the limit."

For relief, Cornish asks for declaratory and injunctive relief, including a restraining order. Specifically, Cornish requests that this Court grant him a declaratory judgment setting out his rights and expectations, and the prison staff's obligations and responsibilities, under 28 C.F.R. §543.11, which says that the warden shall give "special time allowable" to inmates who demonstrate a requirement to meet an imminent court deadline.

Cornish also asks that the Court provide injunctive relief, in the form of a restraining order which: excuses him from institutional work assignments while he has a requirement to meet an imminent court deadline; prohibits the Warden and his staff from interfering with Cornish's legal work or denying him access to the law library; provides a 120-day excusal from institutional assignments; gives him access to the typewriter in the unit living area at times when the law library is closed; and prohibits the unit staff from retaliating against him.

On March 21, 2005, the Magistrate Judge issued a Report recommending that Cornish's lawsuit be dismissed as moot. The Magistrate Judge noted that Cornish has now been transferred to the Federal Correctional Institution in Oakdale, Louisiana, and that according to Fifth Circuit authority, an inmate's transfer renders his claims for declaratory or injunctive relief moot. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000). Cornish is no longer at Texarkana nor within the territorial jurisdiction of the Eastern District of Texas, so the Magistrate Judge concluded that his lawsuit was moot.

Cornish filed objections to the Magistrate Judge's Report on April 14 and April 18, 2005. In his April 14 objections, Cornish objects first to the reference of the case to the Magistrate Judge, saying that under the statute, magistrate judges cannot review or decide requests for injunctive relief. This objection is patently without merit.

Second, Cornish says that his case is filed against two distinct entities, the Federal Bureau of Prisons and the Warden of the facility in Texarkana. He argues that the Federal Bureau of Prisons is the agency to which he was committed for his sentence, and that this agency is the "common thread," while the specific institutions, such as Texarkana or Oakdale, are the "variables." Cornish advances the novel theory that this Court has "concurrent jurisdiction" with all other federal courts in any jurisdiction touched by the Federal Bureau of Prisons' "multistate confinement operation."

The Defendants argue in response that Cornish's pleadings make clear that his claim is against the prison in Texarkana. They note that his complaint describes the defendant "FBOP FCI-Texarkana Warden" as "the defendant-respondent in the case" and that Cornish also says that "the Federal Bureau of Prisons 'FBOP' Federal Correctional Institution is a U.S. Prison facility at 4001 Leopard Drive, Texarkana TX." The Defendants argue that these assertions make clear that Cornish intended to sue Texarkana officials for incidents occurring at Texarkana.

The Defendants are correct. Even if Cornish did sue the Federal Bureau of Prisons as a separate entity, however, this fact does not give the Court nation-wide jurisdiction over any facility when Cornish may be housed in the future; Cornish's theory that all federal courts have concurrent jurisdiction over all federal prisons is plainly without merit. The complaint makes clear that Cornish was suing over incidents and conditions in Texarkana, and he wanted declaratory and injunctive relief concerning these incidents and conditions. Consequently, the Magistrate Judge properly concluded that Cornish's requests for declaratory and injunctive relief were moot.

Next, Cornish argues that the case is not moot because the "continuing jurisdiction theory." He says that on December 30, 2004, the Magistrate Judge granted a protective order stating

3

that in the event that Cornish is transferred to another unit in the federal prison system, the Respondent shall transmit his legal papers to his new unit within a reasonable time period, and that Cornish shall be allowed access to his legal papers in accordance with prison policy.

The order granted by the Magistrate Judge must be viewed in the context of the pleadings in the case, which are directed toward officials in Texarkana. Thus, the order directed Texarkana officials to promptly send Cornish's legal documents to him following his transfer. The order does not and cannot create jurisdiction out of thin air where none existed before, nor does it extend the reach of the district court to any prison where Cornish may be transferred in the future. His objection on this point is without merit.

Cornish contends that the district court has jurisdiction over his claims, despite his transfer to Louisiana, based on the "long-arm statute" and the supplemental jurisdiction statute. Neither of these are pertinent to the present case; the so-called "long-arm statute" under state law allows a court to exercise *in personam* jurisdiction over an individual who has a certain minimum level of contact with the state court forum. See, e.g., Tex. Civ. Prac. & Rem. Code art 17.041 (Vernon 1997). The question here is not *in personam* jurisdiction but subject matter jurisdiction, because Cornish's claims for injunctive relief were mooted by his transfer to Louisiana.

Similarly, Cornish's citation to supplemental jurisdiction is without merit because supplemental jurisdiction requires that original jurisdiction exist. 28 U.S.C. §1367(a). There is no original jurisdiction because Cornish's claims are moot, and so his claim to supplemental jurisdiction must fail.

Cornish seeks to distinguish the cases cited by the Magistrate Judge, but his asserted distinction fails to show that the Magistrate Judge erred in concluding that his transfer mooted his requests for declaratory and injunctive relief.

In his amended objections, Cornish concedes that the Sixth Circuit granted him an extension of time from December 21, 2004, until February 28, 2005. He also takes issue with the fact that the Magistrate Judge used the terminology "Cornish says" when reciting the allegations of

the complaint, saying that as a convict, the Bureau of Prisons regards him as "lower than the earth walked on" so that nothing he says is to be believed. As the Defendants state, this is simply an argument over semantics. Cornish's objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's original complaint and motions filed, the motion to dismiss filed by the Defendants, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all filings and records in the cause. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion to dismiss is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED as moot. It is further

ORDERED that the Clerk shall refund the sum of $5.00 (five dollars) to the Plaintiff by reason of an overpayment of the amount of the filing fee. Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.    **SIGNED this 11th day of May, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE